IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| MILO R. PEARSON; et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:09cv103-MHT |
| | ) | (WO) |
| REGIONS BANK, a wholly | ) | |
| owned subsidiary of | ) | |
| Regions Financial | ) | |
| Corporation; et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiffs Milo R. Pearson, Cecilia Ann Williams,

Becky Lynn Williams, and Bonnie June Williams originally

brought this lawsuit in state court charging defendants

Regions Bank, Morgan Asset Management, Inc., Bonnie L.

Abrams, and Laura J. Crissey with various state-law

claims, including fraud and breach of fiduciary duty in

mishandling the plaintiffs' investments.  The defendants

removed this lawsuit from state to federal court under 28

U.S.C. §§ 1331, 1441, on the ground that the plaintiffs'

state-law claims raised questions of federal law.  This
lawsuit is now before the court on the plaintiffs' motion
to remand.  For reasons that follow, the motion will be
granted.

Section 1441(a) provides, with exceptions not
relevant here, that "any civil action brought in a State
court of which the district courts of the United States
have original jurisdiction, may be removed by the
defendant or the defendants, to the district court of the
United States for the district and division embracing the
place where such action is pending."  28 U.S.C. § 1447(c)
provides, however, that, "If at any time before final
judgment it appears that the district court lacks subject
matter jurisdiction, the case shall be remanded."  In
this case, the propriety of removal turns on whether the
case falls within the original "federal question"
jurisdiction of this court.  Section 1331 provides that,
"district courts shall have original jurisdiction of all

2

civil actions arising under the Constitution, laws, or treaties of the United States."

The United States Supreme Court has explained that, "Since the first version of § 1331 was enacted, Act of Mar. 3, 1875, ch. 137, § 1, 18 Stat. 470, the statutory phrase 'arising under the Constitution, laws, or treaties of the United States' has resisted all attempts to frame a single, precise definition for determining which cases fall within, and which cases fall outside, the original jurisdiction of the district court." <u>Franchise Tax Bd. v. Const. Laborers Vac. Trust</u>, 463 U.S. 1, 8 (1983). "Especially when considered in light of § 1441's removal jurisdiction," the Court continued, "the phrase 'arising under' masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system." <u>Id</u>.

However, "One powerful doctrine has emerged[:] the 'well-pleaded complaint' rule." <u>Franchise Tax Bd.</u>, 463 U.S. at 9.  This rule "as a practical matter severely

limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court, thereby avoiding more-or-less automatically a number of potentially serious federal-state conflicts." Id. Under the well-pleaded complaint rule, whether a case is one arising under the constitution, laws, or treaties of the United States "'must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration,'" id. (quoting Taylor v. Anderson, 234 U.S. 74, 75 (1914)), unaided by anything alleged in anticipation of what may occur later in the litigation, such as something "alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." Id. Therefore, although allegations in the plaintiff's complaint may "show that very likely, in the course of litigation, a question under the Constitution would arise," removal is still inappropriate if the allegations "do not show that the suit, that is, the

4

plaintiff's original cause of action, arises under the Constitution." <u>Id</u>. at 10 (quoting <u>Louisville & Nashville R. Co. v. Mottley</u>, 211 U.S. 149, 152 (1908)).

The most instructive case on how this court should apply the well-pleaded complaint rule to plaintiffs' complaint is <u>Gully v. First Nat. Bank in Meridian</u>, 299 U.S. 109 (1936).   In <u>Gully</u>, the Mississippi tax authorities sued First National Bank claiming that it had breached a contract promising to pay its predecessor corporation's tax liabilities.   The trial and lower appellate courts found that removal from state to federal court was appropriate because the state's power to tax upon the shares of the bank had its origin in the provision of a federal statute and that, by necessary implication, the Mississippi tax authorities relied on the statute in suing to enforce the tax.   In concluding that removal was not proper, the Supreme Court wrote that, "To bring a case within the statute, a right or immunity created by the Constitution or laws of the

5

United States must be an element and an essential one of the plaintiff's cause of action."  299 U.S. at 112. The Court explained that the controversy between the parties must be "genuine and present" and "not merely a possible or conjectural one," id. at 113, it must be "basic" rather than "collateral," "necessary" rather than "merely possible," id. at 118.

Applying these principles, the Court wrote that, because "Petitioner will have to prove that the state law has been obeyed before the question will be reached whether anything in its provisions or in administrative conduct under it is inconsistent with the federal rule," removal was inappropriate.  Id. at 117.  The Court explained that,

> "If what was done by the taxing officers in levying the tax in suit did not amount in substance under the law of Mississippi to an assessment of the shareholders, but in substance and well as in form was an assessment of the bank alone, the conclusion will be inescapable that there was neither tax nor debt, apart from any barriers that Congress may have built.  On the other

> hand, a finding upon evidence that the
> Mississippi law has been obeyed may
> compose the controversy altogether,
> leaving no room for a contention that
> the federal law has been infringed."

Id. The Court then concluded that, The most that one can say is that a question of federal law is lurking in the background." Id. "A dispute so doubtful and conjectural, so far removed from plain necessity," the Court continued, "is unavailing to a extinguish the jurisdiction of the states." Id. See also Franchise Tax Bd., 436 U.S. at 13 (removal is inappropriate where a "federal law becomes relevant ... only if appellant has made out a valid claim for relief under state law").

Similarly here, the plaintiffs "will have to prove that state law has been obeyed before the question will be reached whether anything in its provisions or in administrative conduct under it is inconsistent with the federal rule." Gully, 299 U.S. at 117. In other words, the plaintiffs will first have to show that the

defendants violated Alabama's fraud and breach-of-fiduciary statutes.

Admittedly, the defendants state that "these issues raised in this case are national in scope and certainly not confined to the State of Alabama," Response in Opposition to Remand Motion (Doc. No. 13), at 4; that "The defendants ... are highly regulated by federal agencies which have established a comprehensive set of rules and regulations to monitor and control entities" such as those at issue here and their funds, id. at 9; that defendant Morgan Asset Management, Inc. "is a registered investment advisor, and, as such, its conduct is governed by the Federal Investment Advisor's Act of 1940, 15 U.S.C. §§ 80(b)-1 et seq.," id; and that the funds, "which Defendants have allegedly mismanaged, are issued by a federal registered investment company whose conduct is governed by the [Investment Company Act].  15 U.S.C. §§ 80(a)-1 et seq." Id.  However, while all these allegations may be true, the fact still remains that here

the plaintiffs must still prove a violation of state law before any of these concerns become relevant; or, to put it another way, if the plaintiffs fail to prove the elements of their state-law claims, then the defendants' alleged federal issues are moot. See Franchise Tax Bd., 436 U.S. at 13 (removal is inappropriate where a "federal law becomes relevant ... only if appellant has made out a valid claim for relief under state law"). Moreover, the defendants have provided the court with only generalizations about the application of federal laws and regulations to them and the accounts at issue. They have not shown specifically how these federal laws and regulations are "an element and an essential one," Gully, 299 U.S. at 112, to the plaintiffs' causes of actions.

Accordingly, for the above reasons, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs Milo R. Pearson, Cecilia Ann Williams, Becky Lynn Williams, and Bonnie June Williams's motion to remand (Doc. No. 10) is granted and that pursuant to 28 U.S.C. § 1447(c), this

9

cause is remanded to the Circuit Court of Montgomery County, Alabama, for lack of subject-matter jurisdiction.

It is further ORDERED that any other outstanding motion is left for resolution by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 13th day of May, 2009.


        /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE